IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                             NO. 11 CR 1690 MV

JOHN CROWE,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came before the Court on Defendant's Motion to Dismiss (Doc. 69) with prejudice on the grounds of vindictive prosecution. The Court has considered the Motion, the United States' Response to Defendant's Motion to Dismiss (Doc. 72), and the relevant legal authority. Being otherwise fully advised of the premises therein, the Court FINDS that the Motion is not well-taken and should be DENIED for the reasons stated herein.

## BACKGROUND

On June 22, 2011, Defendant was charged by Indictment with five felony counts alleging the sexual exploitation of minors in violation of 18 U.S.C. §§ 2251(d), 2252(a)(1), (2) and (4)(B), 2252(b)(1) and (2), and 2256. Following plea discussions between the parties over the next several months, Defendant alleges he decided to reject the government's plea offer and proceed with filing motions in this case. After Defendant filed a Motion to Suppress (Doc. 36), and additional motions thereafter, the government obtained a Superseding Indictment from the grand jury on July 26, 2012, adding two counts charging Defendant with Production and Attempted Production of a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct in violation of 18 U.S.C. §§ 2251(a) and 2256. Defendant argues the government obtained the Superseding Indictment in retaliation for his decision not to accept the government's plea offer,

1

and instead to file pretrial motions.  As evidence, Defendant alleges the Assistant U. S. Attorney working on this matter contacted his attorney's office several days before the Superseding Indictment was filed to alert him to the filing, adding "Please inform [defense counsel] Mr. Rion that this is what happens when you don't take the deal the first time."  (Doc. 69 at 4.)

The government responds that during the course of the pending case, Defendant rejected two plea offers made by the government.  (Doc. 72 at 1-2.)  During that same time period, the government asserts it "continued its forensic examination of Defendant's computer and conducted additional legal research regarding various jurisdictional questions that had not been resolved at the time of the original indictment (Doc. 13) on June 24, 2011."  (Doc. 72 at 3-4.)  Further, the government states, "in light of the forensic evidence supporting additional charges, the completion of the government's jurisdictional analysis, and Defendant's unqualified rejection of two plea offers, the United States acted within its discretion and presented to the grand jury a proposed superseding indictment (Doc. 64) containing new charges against Defendant."  (Doc. 72 at 4.)

## ANALYSIS

In *Bordenkircher v. Hayes,* 434 U.S. 357 (1977), the Supreme Court held the due process clause of the Fourteenth Amendment is not violated when a prosecutor carries out a threat made during plea negotiations to reindict the accused on more serious charges on which he is plainly subject to prosecution if he does not plead guilty to the original charges.  Recognizing that "the guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system", *id.* at 361; the Supreme Court held "in the give-and-take of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer." *Id.* at 363.  The Court also held that "confronting a

defendant with the risk of more severe punishment clearly may have a 'discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult choices [is] an inevitable' – and permissible— 'attribute of any legitimate system which tolerates and encourages the negotiation of pleas.'" *Id.* at 364 (quotation omitted).

To establish a claim of prosecutorial vindictiveness, the defendant must prove either (1) actual vindictiveness, or (2) a realistic likelihood of vindictiveness which will give rise to a presumption of vindictiveness. *United States v. Lampley*, 127 F.3d 1231, 1245 (10th Cir. 1997) (citations omitted). "If the defendant meets this burden, the prosecution then must 'justify its decision with legitimate, articulable, objective reasons.'" *Id.* (citing *United States v. Raymer,* 941 F.2d 1031, 1040 (10th Cir. 1991) (citations omitted)). However, "the Supreme Court has generally rejected the presumption of prosecutorial vindictiveness in the pretrial context." *Lampley*, 127 F.3d at 1245 (citing *United States v. Goodwin*, 457 U.S. 368, 381-84 (1982) and *Bordenkircher*, 434 U.S. at 363-64). Following *Bordenkircher*, the Tenth Circuit found "the presumption is without application when a prosecutor offers a defendant a chance to plead guilty or face more serious charges, provided the prosecutor has probable cause on the more serious charges and the defendant is free to accept or reject the offer." *Raymer*, 941 F.2d at 1040 (citing *Bordenkircher*, 434 U.S. at 363-64). In *Lampley*, the Tenth Circuit adopted the Supreme Court's position that "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charges to file or bring before a grand jury, generally rests entirely in his discretion." 127 F.3d at 1245 (quoting *Bordenkircher*, 434 U.S. at 364).

In this case, Defendant fails to satisfy his burden of showing actual vindictiveness or a realistic likelihood of vindictiveness. First, Defendant argues that government sought the

Superseding Indictment based upon his decision to file a Motion to Suppress.  However, the only support for this assertion is the alleged message left by the prosecutor for defense counsel stating, "this is what happens when you don't take the deal the first time."  (Doc. 69 at 4.)  Even assuming the message is true and accurate, it makes no mention of Defendant's filing of pretrial motions.  While the statement is crass, the Court is not willing to attribute additional meaning to it without more supporting evidence.  On its face, the statement is consistent with the aforementioned case law that clearly allows a prosecutor to bring additional charges against a defendant who rejects a plea offer so long as the prosecutor has probable cause to believe the accused committed the offense.  *See Bordenkircher*, 434 U.S. at 364; *Lampley*, 127 F.3d at 1245.  Here, at the time of Defendant's arrest, he admitted placing hidden cameras in bathrooms and recording minor females engaged in sexually explicit conduct.  Based upon this information, the government had sufficient probable cause to charge Defendant with Production and Attempted Production of a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct pursuant to 18 U.S.C. §§ 2251(a) and 2256.  Furthermore, having admitted to this conduct at the outset, Defendant was certainly on notice that charges stemming from this conduct were possible, even if not charged in the initial indictment.  Consequently, based upon established Supreme Court and Tenth Circuit precedent, the Court also finds Defendant has failed to satisfy his burden of showing a realistic likelihood of vindictiveness.

       IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (Doc. 69) is DENIED.

       Dated:  January 14, 2013.

_____
MARTHA VAZQUEZ
U.S. DISTRICT JUDGE